UNITED STATES DISTRICT COURT
For the
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

SHANTAJI PANT, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

    vs.

GURDIP SINGH, HARPREET KAUR RANDHAWA, a/k/a HARPREET K RANDHAN, a/k/a HARPREET S RANDHAWA a/k/a HARPREET KAUR and RANDHAWA INC., d/b/a RANHAWA or RANDHAWA CLOTHING and Defendants.

Civil Action No.:

COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs SHANTJI PANT ("Plaintiffs"), by and through their undersigned attorney, brings this action individually and on behalf of all other similarly situated current and former employees of Defendants, and GURDIP SINGH, HARPREET KAUR RANDHAWA, a/k/a HARPREET K RANDHAN, a/k/a HARPREET S RANDHAWA a/k/a HARPREET KAUR AND RANDHAWA INC., d/b/a RANHAWA and/or RANDHAWA CLOTHING (collectively "RANDHAWA", "SINGH" and/or the

COMPLAINT - 1        BHURTEL LAW FIRM PLLC

"Defendants"), alleges as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs bring this action individually and on behalf of all other similarly situated current and former employees, against Defendants.

2. Plaintiffs are former full-time hourly employees in one of Defendant's stores who worked in positions subject to the overtime provisions of the Fair Labor Standards Act (FLSA) §§ 201 et seq., New York Labor Law, Article 19, §§ 650 et seq., and the supporting the supporting New York State Department of Labor regulations.

3. Defendants have willfully engaged in a pattern, practice and policy of unlawful conduct by failing to record, credit, or compensate work performed by its hourly employees in the State of New York, including Plaintiffs and members of the prospective Class (hereinafter "Plaintiff Class" or "the Class or the collective members"), for hours in excess of forty (40)

COMPLAINT - 2                                    BHURTEL LAW FIRM PLLC

per week that Defendants have required and permitted such employees to perform work.

4. Defendants' pattern, practice and policy of requiring or permitting work without compensation has violated its employees' rights under the FSLA, New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, because Plaintiffs and the Class have performed work in excess of forty (40) hours per week without overtime wages.

5. Plaintiffs and the Class seek overtime compensation for work in excess of forty (40) hours per week required or permitted by Defendants, and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## THE PARTIES

6. Plaintiffs, and other members of the class, are individuals residing in the City of New York, surrounding area, who worked for Defendants at their locations.

BHURTEL LAW FIRM PLLC

7. Plaintiff Pant resides in the County of Queens and State of New York.

8. Upon information and belief, defendant GURDIP, was/is the registered Chief Executive Officer and Principal Executive Officer of defendant corporations RANDHAWA INC.

9. Upon information and belief, defendant GURDIP SINGH owned, managed and operated defendant corporation RANDHAWA.

10. Defendant Gurdip owned, managed and operated business in the City of New York.

11. Upon information and belief, defendant HARPREET KAUR RANDHAWA, a/k/a HARPREET K RANDHAN, a/k/a HARPREET S RANDHAWA a/k/a HARPREET KAUR ( herein after Harpreet or defendant) owned and operated defendant corporation RANDHAWA for the relevant time.

12. Defendant Gurdip and Harpreet owned, managed and operated business in the City of New York.

13. Defendants employed plaintiff all the relevant time periods.

COMPLAINT - 4                                    BHURTEL LAW FIRM PLLC

14. Upon information and belief, Defendant RANDHAWA INC. the corporations incorporated under the laws of the State of New York, with its place of business in the State of New York, engaged in selling of goods (in this compliant referred as Randhawa OR Defendant).

15. Upon information and belief, Defendant RANDHAWA does business as RANDHAWA CLOTHING AND/OR RANHAWA.

16. Defendant Randhawa owns, operates and manages business location knows as 742-44 Manhattan Avenue, City of Brooklyn, County of Kings and States of New York (Brooklyn Location).

17. Defendants owned, operated and managed business in the county of Kings and State of New York.

18. Upon information and belief, Defendant Randhawa conducted/conducts business as WOODSTACK. (In this complaint referred as Woodstack).

19. Defendant upon information and belief, owns/owned, operates/operated and manages/managed business other various locations.

20. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21. Upon information and belief, at all relevant times, Defendants have had gross revenue in excess of $500,000.00.

22. Upon information and belief, at all relevant times herein, Defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

23. Upon information and belief, at all relevant times, Harpreet, Gurdip and/or Randhawa, have constituted an "enterprise" as defined in the FLSA.

24. Defendants constitute "employer" of Plaintiffs and the Class as that term is used in the Fair Labor Standards Act, New York Labor Law, and each of their corresponding regulations.

COMPLAINT - 6                                          BHURTEL LAW FIRM PLLC

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

26. This court has supplemental jurisdiction over Plaintiffs' and the Class's state law claims pursuant to 28 U.S.C. §1367.

27. In addition, the Court has jurisdiction over the Plaintiffs' and the Class's claims under the FLSA pursuant to 29 U.S.C. §216(b).

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring a collective action for violations of the Fair Labor Standards Act (FLSA) and violations of the New York Labor Law (NYLL).

30. Plaintiff brings this action the FLSA Claims on behalf of him/her and all similarly situated current

COMPLAINT - 7                                         BHURTEL LAW FIRM PLLC

and former worker employed by defendants' business

stores owned, operated, and/or controlled by Defendants

for a period of three years prior to the filing of this

compliant and the date of final judgment in this mater,

and who elect to opt-in to this action (the FLSA

Collective Members or Class).

31. At all relevant times, Plaintiffs and the FLSA

Collective Members are and have been similarly

situated, have had substantially similar job

requirements and pay provisions, and are and have been

subject to Defendants' decision, policy, plan, and

common programs, practices, procedures, protocols,

routines, and rules of willfully failing and refusing

to pay Plaintiffs at the legally required over time

wage for all hours worked and one-and-one-half times

this rate for work in excess of forty hours per

workweek. Plaintiffs' claims stated herein are

essentially the same as those of the other FLSA

Collective Members.

COMPLAINT - 8                                    BHURTEL LAW FIRM PLLC

32. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per workweek.

33. The FLSA Collective Members are readily ascertainable.

34. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants' records.

35. Defendants violation is willful and/or intentional.

36. The claim is brought on behalf of all regular full-time hourly employees of Defendants who have been or will be employed by Defendants' stores located in the State of New York during the applicable statute of limitations prior to the date of the commencement of this action through the date of final disposition of this action ("the class period"), whom Defendants have required or permitted to perform work in excess of forty (40) hours per week without overtime wages.

37. Common questions of law and fact exist as to Plaintiffs and the FLSA Collective Members that predominate over any questions only affecting them individually and include, but are not limited, the following:

a. Whether Defendants have violated and continue to violate the Fair Labor Standards Act, 29 U.S.C. §§ 200 et seq., and the supporting United States Department of Labor regulations, as alleged herein;

b. Whether Defendants have violated and continue to violate New York Labor Law §§ 190 et seq., and 650 et seq., and the supporting New York State Department of Labor Regulations, as alleged herein;

c. Whether Defendants have failed to compensate Plaintiffs and the FLSA Collective members for work performed in excess of forty (40) hours per workweek with overtime wages;

d. Whether Defendants have engaged in a pattern, practice or policy of encouraging Plaintiffs and FLSA Collective members not to report all time worked;

e. Whether Defendants have engaged in a pattern, practice or policy of deleting hours actually worked by Plaintiffs and FLSA Collective members from records of their compensable time;

f. Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the FLSA Collective members;

g. The nature and extent of class-wide injury and the appropriate measure of damages for the FLSA Collective members.

38. The claims of the Plaintiffs are typical of the claims of the FLSA Collective members he seeks to represent.

39. Both the Plaintiffs and the FLSA Collective members work or have worked for Defendants as full-time hourly employees in its stores in New York State.

40. Plaintiffs and the Class were not paid the statutorily mandated overtime rate of one and one-half times the regular rate for each hour worked in excess of forty (40) in a given work week.

41. As a result, Plaintiffs and the FLSA Collective members have not been credited or compensated for work in excess of forty (40) hours per week that they have performed for the benefit of Defendants.

42. Plaintiff and the FLSA Collective members have suffered damages, including lost overtime compensation, resulting from Defendants' wrongful conduct.

43. Plaintiffs will fairly and adequately represent and protect the interests of the members of the FLSA Collective members. Plaintiffs has retained counsel competent and experienced in complex labor and employment litigation.


**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

44. All the work performed by Plaintiffs and the FLSA Collective members were assigned by defendants' managers and supervisors.

45. Plaintiffs and the Class were suffered and/or permitted by Defendants to work in excess of forty (40)

COMPLAINT - 12                                    BHURTEL LAW FIRM PLLC

hours per week without the rate of compensation reflective of the statutorily mandated overtime rate of one and one-half times the regular rate.

**Failure to Properly Record Hours Worked and Earnings**

46. On each workday, Defendants have scheduled Plaintiffs and the FLSA Collective members to work in shifts that begin and end at particular times.

47. Defendants did not provide Plaintiffs and the FLSA Collective members payroll check providing earnings, deductions and reimbursements, and miscellaneous information.

48. Plaintiffs and the FLSA Collective members have not been properly compensated for, work in excess of forty (40) hours per week performed for the benefit of the Defendants.

**Widespread, Consistent and Willful Nature of Violations**

49. Defendants' unlawful conduct has been widespread, repeated and consistent.

50. Defendants' managers and supervisors have known the Defendants' employees, including Plaintiffs and the

FLSA Collective members, perform work in excess of forty (40) hours per week.

51. Managers and supervisors observe the employees and often direct them in performing improperly compensated overtime work for the benefit of Defendants.

52. Defendants have known that their supervisory and management personnel permitted or required Plaintiffs and the FLSA Collective members to perform work for the benefit of Defendant.

53. As part of Defendants' regular business practice, Defendants failed to compensate Plaintiffs and the FLSA Collective members for the hours worked in excess of forty (40) hours per week at the statutorily mandated overtime rate of one and one-half times the regular rate for each hour over forty (40) per week.

## INDIVIDUAL REPRESENTATIVE PLAINTIFFS ALLEGATIONS

54. Representative Plaintiff Pant is a resident of the City of New York, in the County of Queens, in the State of New York.

COMPLAINT - 14                                    BHURTEL LAW FIRM PLLC

55. Plaintiff Pant was employed by defendants from approximately January 2012 until May 20, 2016.

56. Plaintiff Pant worked as an hourly employee for the defendant's subject location.

57. Plaintiff Pant was a full-time employee regularly scheduled to work for the Defendants.

58. Plaintiff Pant was regularly scheduled to work over forty (40) hours per week.

59. Defendants did not provide a payroll checks or paid in check.

60. Defendants did not provide a payroll checks providing earnings, deductions and reimbursements, other information pursuant state and Federal Law.

61. Plaintiff Pant per hour wages were $ 8.00 per hour from January 2012 Until December 2012.

62. Plaintiff Pant's per hour wages were $ 8.89 per hour from January 2013 to December 31, 2014.

63. Plaintiff Pant's per hours wages were $ 9 from January 2015 to May 2016.

COMPLAINT - 15                                                      BHURTEL LAW FIRM PLLC

64. Plaintiff worked regularly six days an each work week from January 2012 to December 2014, except October, November and December 2012 and January and February 2013.

65. Plaintiff worked for defendants seven days an each work week from January 2015 to May 20, 2016, except September and October of 2014.

66. Plaintiff Pant worked 54.50 (fifty four and one half hours) hours per week for each working week from January 2012 to December 2014, except October, November and December 2012 and January, February 2013 and September and October of 2014.

67. Plaintiff Pant worked for defendant 64 (sixty-four hours) hours per week for each week from January 2015 to May 20, 2016 except February, March and April 2015.

68. Defendant has not paid plaintiff's wages of 2315.50 (two thousand three hundred fifteen dollars and fifty cents.

69. Defendants failed to pay plaintiff Pant approximately more than in the amount of 66,757.06

(sixty-six thousands, seven hundred and fifty seven dollars and six cents) and plus, interest, attorney fees, litigation cost and other damages.

## FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT

### OVERTIME COMPENSATION

70. Plaintiffs, on behalf of themselves and the FLSA Collective members, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, defendants employed Plaintiffs and the FLSA Collective members within the meaning of the FLSA.

72. At all relevant times, defendants had a policy, practice and procedure of refusing to pay the statutorily mandated overtime compensation to their employees for hours worked in excess of forty (40) hours per work week.

73. As a result of defendants' failure to compensate their employees, including Plaintiffs and the FLSA

BHURTEL LAW FIRM PLLC

Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

74. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§ 255(a).

75. Due to defendants' FLSA violations, Plaintiffs and the Class are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION – NEW YORK LABOR LAW OVERTIME COMPENSATION

76. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the

foregoing allegations as if set forth fully and again herein.

77. At all relevant times, Plaintiffs and the Class were employed by the defendants within the meaning of the New York Labor Law, §§ 2, 190, and 651.

78. Defendants willfully violated Plaintiffs' and the Class's rights by failing to pay full overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 160, 190 et seq., and 650 et seq., and its supporting regulations in 12 N.Y.C.R.R. § 142-2.2.

79. Defendant's failure to pay overtime was willful and lacked a good faith basis, within the meaning of the New York Labor Law §§ 198, 663 and supporting regulations.

80. Due to defendants' New York Labor Law Violations, Plaintiffs and the Class are entitled to recover from defendants, their unpaid overtime compensation,

liquidated damages equal to one hundred percent of the total amount of the wages found to be due, prejudgment interest, all reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663.

## THIRD CAUSE OF ACTION – NEW YORK LABOR LAW WAGE THEFT PREVENTION ACT

81. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

82. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when Plaintiffs and the Class were hired, or at any time thereafter.

83. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with proper

notice as required by New York Labor Law § 195 at any time during their employment.

84. New York Labor Law § 195(1) provides, inter alia, that every employer shall furnish a notice containing the rate or rates of pay, the regular pay day, name of employer and employer's contact information as well as any such other information as deemed material and necessary by the commissioner of labor of the state of New York.

85. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with accurate weekly wage statements as required by New York Labor Law § 195 at any time during their employment.

86. New York Labor Law § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages, with a statement, listing gross wages, deductions and net wages, the regularly hourly rate of pay, as well as the overtime rate of pay, and upon the request of an employee furnish an explanation of how such wages were computed.

COMPLAINT - 21                                    BHURTEL LAW FIRM PLLC

87. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $50.00 for each work day, up to $5,000.00 total, defendants' failed to provide a notice as required by New York Labor Law §195(1), together with costs and reasonable attorney's fees.

88. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $250.00 for each work day, up to $5,000.00, defendants failed to provide accurate weekly wage statements as required by New York Labor Law 195(3), together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the proposed Class pray for relief as follows:

1.   Certification of this case as a collective action pursuant to the Fair Labor Standards Act.

2.   Designation of Representative Plaintiffs Pant as representative of the Class, and their counsel of record as Class Counsel;

3.   Award Plaintiffs Pant more than in the amount of approximately 66,757.06 (sixty six  thousands, seven hundred and fifty seven dollars and six cents) and plus, interest, reasonable attorney fees, litigation cost and other damages.

4.   Award Plaintiffs and the Class their unpaid overtime wages due under the Fair Labor Standards Act and New York Labor Law in an amount that cannot be currently calculated with specificity;

5.   Award Plaintiffs and the Class the liquid damages and statutorily mandated penalties under the Fair Labor Standards Act and New York Labor Law as stated above;

6.   Award Plaintiffs and the Class the costs of this action incurred herein, including reasonable attorneys' fees and expert fees;

COMPLAINT - 23                                                    BHURTEL LAW FIRM PLLC

7.   Award Plaintiffs and the Class Pre-Judgment and Post-Judgment interest, as provided by law;

8.   Permanently enjoin Defendants from continuing to engage in the aforementioned unlawful activity

9.   Grant such other and further legal relief as this Court deems necessary, just and proper.


## DEMAND FOR TRIAL BY JURY


Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiffs and the Class demand a trial by jury on all issues so triable

Dated: Jackson Heights, New York
January 2nd, 2018

                              BHURTEL LAW FIRM PLLC

                              Durga P. Bhurtel, Esq.
                              Attorney for Plaintiff,
                              SHANTJI PANT, Individually
                              and on Behalf of All Others
                              Similarly Situated
                              37-49 75th Street, 2nd Floor
                              Jackson Heights, New York
                              11372
                              Tel: (718) 509-6181

COMPLAINT - 24                          BHURTEL LAW FIRM PLLC

Fax: (917) 396-4622
Email:
deb@attorneybhurtel.com

COMPLAINT - 25                                              BHURTEL LAW FIRM PLLC

## CONSENT TO SUE

By my signature below, I hereby declare and authorize the filing and prosecution of claims in my name and on my behalf to contest Randhawa Fashion Inc., its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or Federal law, and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit. I have been provided with a copy of a retainer agreement with the Bhurtel Law Firm PLLC, and I agree to be bound by its terms.

Dated: Jackson Heights New York
January 2, 2018

_____
SHANTAJI PANT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Civil Action No:

SHANTAJI PANT, Individually and on Behalf of All
Others Similarly Situated,

Plaintiffs,

V.

GURDIP SINGH, HARPREET KAUR RANDHAWA, a/k/a HARPREET K
RANDHAN, a/k/a HARPREET S RANDHAWA a/k/a HARPREET KAUR and
RANDHAWA INC., d/b/a RANHAWA or RANDHAWA CLOTHING

Defendants.

# COMPLAINT

**Bhurtel Law Firm PLLC**
*Attorney for Plaintiff(s)*

*Office and Post office Address, Telephone*

**3749 75th Street 2nd Floor
Jackson Heights, NY 11372
Phone # 718-509-6181**

Service of a copy of the within is hereby admitted by Attorney for the defendant on Dated,
by

………………………………………..
*Attorney(s) for defendants BY:*